## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN RAMEY<br>4251 Clay Street, N.E.<br>Washington, DC 20019,<br><br>    Plaintiff *Pro Se,*<br><br>    v.<br><br>TAFT KELLY,<br>Division Administrator,<br>Department of Transportation,<br>1120 Vermont Avenue, NW<br>Washington, DC 20006<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: _____

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant Taft Kelly, through the undersigned attorneys, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, 1346(b), 2401(b), and 2671-80. In support of that notice, the U.S. Department of Transportation states as follows:

1. The U.S. Department of Transportation is a defendant in the civil action styled Benjamin Ramey v. Taft Kelly, now pending in the Superior Court of the District of Columbia, Civil Action No.: 2007CA007601B.

2. The above entitled action was filed on or around November 15, 2007, and a copy of the complaint is attached hereto as Exhibit A. On January 17, 2008, Plaintiff also filed a Motion for Judgment on the Pleading stated that Defendant had failed to file an Answer on before January 15, 2008. Motion for Judgment on the Pleadings, attached hereto as Exhibit B.

-1-

3. At the time of the incidents alleged in the complaint, Taft Kelly was an employee of the Federal Government.  Mr. Kelly is Division Administrator of Federal Motor Carrier Safety Administration.  The Federal Motor Carrier Safety Administration is a division within the U.S. Department of Transportation ("DOT"), a federal agency.  The United States, therefore, is the proper defendant in this case and should be substituted for Taft Kelly.

4.      This case can be removed to District Court at this point in the proceedings under 28 U.S.C.A. § 2679 (d)(2).  This statute provides "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond **at any time before trial** by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." (emphasis added)  See also Wasserman v. Rodacker, No. 06-1005 (RWR), 2006 WL 2331089, at * 1 (D.D.C. August 10, 2006) citing 28 U.S.C. § 2679(d)(2) (rejecting Plaintiff's argument that Defendant had not filed notice of removal within thirty days of receipt of the complaint and noting that "The Superior Court is a state court for the purposes of the FTCA and, in a case such as this one, removal may be accomplished at any time before trial."); McLaurin v. U.S., 392 F.3d 774, 778-79 (5th Cir. 2004) ("The unambiguous language of Section 2679(d)(2) requires only that the government remove 'before trial' a suit in which the PHS [Public Health Service] has deemed a qualified health care center employee as a federal employee.  Congress has placed no other time limitation or requirement on removal in a suit under Section 2679."); Perry v. United States, 936 F.Supp. 867, 878 (S.D.Ala.1996) ("The FTCA ... states that the United States may remove a case at any time

before trial; there are no other requirements for or limitations on the removal of a case under §

2679(d)(2)"); Wilson v. Jones, 902 F.Supp. 673, 677-78 (E.D.Va.1995) (finding that removal

was timely because "the state proceeding ha[d] not gone to trial"); Kizer v. Sherwood, 311

F.Supp. 809, 811 (M.D.Pa.1970) (finding that removal under Section 2679 was timely even after

entry of default judgment in state court because parties could still proceed to trial on damages

and such trial had not yet begun); see also Guerrero v. Alivio Medical Center, Inc., No. 03 C

2492, 2003 WL 21688240, at *1 (N.D.Ill. July 17, 2003) (upholding removal that took place

more than thirty days after Defendant's receipt of the initial pleading where removal was effected

under both 28 U.S.C.A. § 2679 (d)(2) and 42 U.S.C. § 233 (c) (a provision that reads similiarly

to 28 U.S.C.A. § 2679 (d)(2)); Celestine v. Mount Vernon Neighborhood Health Ctr., 289

F.Supp.2d 392,  (S.D.N.Y. 2003) (holding that once Attorney General certified that defendant

health center was an employee of a federal agency under the FTCA, acting within the scope of

employment, AG could remove action at any time before trial under 42 U.S.C.A. § 233 (c)) ;

rejecting the argument that government waived its right to remove by waiting too long to certify

health center as an employee of the U.S.); Warren v. Joyner, 996 F.Supp. 581, 583

(S.D.Miss.1997) (removal of case was timely under 42 U.S.C.  § 233 (c) even though it had been

pending in state court for seventeen months).  In the instant case, such a certification has been

executed by the Attorney General's designee.  See Exhibit C, Westfall Certification, executed on

February 21, 2008 by Rudolph Contreras, Chief, Civil Division, U.S. Attorney's Office.

Accordingly, Defendant has timely filed this Notice of Removal.

    5. Plaintiff's complaint alleges that Taft Kelly conspired with Pepco to violate DOT

policies and that these violations resulted in Plaintiff's termination.  See Exhibit A, ¶ 4.  Plaintiff

seeks compensatory and punitive damages in the amount of $3,000,000.00. See Id., Section labeled "Important Example."

   6. Plaintiff's claims are ones for which the District Court has original jurisdiction, because the suit is against the United States pursuant to the Federal Torts Claims Act and therefore removal is also authorized by 42 U.S.C. § 233 and 28 U.S.C. § 1441(a).

   WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1346(b), 1441, 1442(a)(1), 1446, 2401(b), and 2671-80.

February 21, 2008.                   Respectfully Submitted,


_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for the Defendant

-4-

## CERTIFICATE OF SERVICE

I certify that on February 21, 2008,  I caused copies of the foregoing Notice of Removal

of Civil Action to be served by first class mail upon:

Benjamin Ramey
4251 Clay Street, N.E.
Washington, D.C.  20019

Taft Kelly
Division Administrator
Department of Transportation
1120 Vermont Avenue, N.W.
Washington, D.C.  20006

ALEXANDER D. SHOAIBI, DC Bar #423587
Assistant United States Attorney

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BENJAMIN RAMEY<br>4251 Clay Street, N.E.<br>Washington, DC 20019 | Taft Kelly<br>1120 Vermont Avenue, NW  Washington, D.C. 20006 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>N/A | ATTORNEYS (IF KNOWN)<br><br>AUSA Alexander D. Shoaibi<br>555 4th Street, N.W. - Room E4218<br>Washington, D.C. 20530<br>(202) 514-7236 |
|---|---|

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

○ 1  U.S. Government
       Plaintiff

● 2  U.S. Government
       Defendant

○ 3  Federal Question
       (U.S. Government Not a Party)

○ 4  Diversity
       (Indicate Citizenship of
       Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY!)    (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ● B. Personal Injury/<br>Malpractice | ○ C. Administrative Agency<br>Review | ○ D. Temporary Restraining<br>Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If<br>Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other)        OR        ○ F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property<br>Damage<br>☐ 385 Property Damage Product<br>Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of<br>Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or<br>defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt<br>Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal<br>access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (If not<br>administrative agency review or Privacy Act) |

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K.  Labor/ERISA (non-employment) | ○ L.  Other Civil Rights (non-employment) | ○ M.  Contract | ○ N.  Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor-Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

alleges that Federal employee's misrepresentations caused him to be terminated. Removed pursuant to 28 U.S.C. sections 1441, 1442, 1446, and 2679

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ 3,000,000.00   Select YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES  ☒ NO   If yes please complete related case form.

DATE  February 21, 2008   SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |
|---|---|
| BENJAMIN RAMEY<br>4251 Clay Street, N.E.<br>Washington, DC 20019, | )<br>)<br>)<br>) |

BENJAMIN RAMEY                          )
4251 Clay Street, N.E.                  )
Washington, DC 20019,                   )
                                        )
        Plaintiff *Pro Se*,             )
                                        )        Civil Action No.: 2007CA007601 B
        v.                              )
                                        )
TAFT KELLY,                             )
Division Administrator,                 )
Department of Transportation,           )
1120 Vermont Avenue, NW                 )
Washington, DC 20006                    )
        Defendant.                      )
                                        )

### NOTICE OF FILING NOTICE OF REMOVAL OF A CIVIL ACTION

PLEASE TAKE NOTE that on February 2₁, 2008, the United States filed with the Clerk

of the United States District Court for the District of Columbia a Notice of Removal in the above

captioned civil action, pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), 1446(a), 1346(b), 2401(b),

and 2671-80. Accordingly, the **Superior Court of the District of Columbia "shall proceed no**

**further unless and until the case is remanded."** See 28 U.S.C. § 1446(d). A copy of the

Notice of Removal (with attachments) is attached hereto.

February 2₁, 2008                    Respectfully Submitted,

                                     JEFFREY A. TAYLOR, DC Bar #498610
                                     United States Attorney


                                     /s/
                                     RUDOLPH CONTRERAS, DC Bar #434122

Assistant United States Attorney

_____/s/_____

ALEXANDER D. SHOAIBI, DC Bar #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 4th Street, N.W.,
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for the Defendant

2

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 21, 2008, I caused copies of the foregoing Notice of Filing

Notice of Removal of a Civil Action and  Notice of Removal of Civil Action to be served by first

class mail upon:

Benjamin Ramey
4251 Clay Street, N.E.
Washington, D.C.  20019

Taft Kelly
Division Administrator
Department of Transportation
1120 Vermont Avenue, N.W.
Washington, D.C.  20006

/s/
ALEXANDER D. SHOAIBI, DC Bar #423587
Assistant United States Attorney

Superior Court For The District of Columbia
Civil Division

Benjamin Ramey Pro-Se
4251 Clay St. N.E.
Washington D.C. 20019

Plaintiff

V.

Tale Kelly (Division Administrator)
Department of Transportation (FMCSA)
1120 Vermont Ave. N.W.
Wash. D.C. 20006

Complaint (Conspiracy)
Covering Up Federal Violations

1. Plaintiff filed a complaint against Potomac Electric Power Company, (PEPCO) on 10-27-04 to the Eastern Division (Field Service) of the Dept. of Transportation) for violating DOT (Dept. of Transportation) Drugs and Alcohol Law when Plaintiff was accused of being intoxicated before assigned to drive a CMV (Commercial Motor Vehicle) on Sept. 1, 2003.
2. In responding response to plaintiff's complaint, he admits that PEPCO violated DOT Federal Law in conducting the alcohol test on Plaintiff (Exhibit 1) but never stated the violations which impacted Plaintiffs termination. 3. In Plaintiffs complaint, it was stated that PEPCO violated several Federal Violations, included was detaining an employee for eleven (11) hrs., three (3) hrs. more than DOT's requirement (Exhibit 2), Part 382.307 of the FMCSR, Federal Motor Carrier Safety Regulations.


GOVERNMENT
EXHIBIT
A

## PERCO'S DOT VIOLATIONS

1. PERCO CONTRACTED AN UNCERTIFIED LICENSEE ALLEGED ALCOHOL TECHNICIAN TO ADMINISTER THE TEST (Ex. P.S. INC. TESTIMONY UNDER OATH, MR. HYDE WAS ONLY TO TRAIN IN VIRGINIA).

2. PERCO DID NOT USE A SERVICE AGENT TO MEET DOT REQUIREMENTS (PART 40.15 OF THE FMCSR).

3. PERCO DID NOT USE A QUALIFIED BREATH ALCOHOL TECHNICIAN WITH TRAINING REQUIREMENTS (PART 40.213 OF THE FMCSR).

4. THE BAT ALLOWED MR. DUARTE, MANAGER FOR PERCO WHO REQUEST THE TEST TO BE PRESENT AND TO LEAVE THE TEST SIGHT WITH THE TEST FORM AND RETURN WITH A DIFFERENT TEST FORM, SO THE TEST SIGHT WAS NOT SECURED BY THE BAT (PART 40.223 OF THE FMCSR) AND PLAINTIFF TEST FORM WAS ALTERED (EXHIBIT 4, ALTERED TEST FORM)(PART 390.35 IN THE FMCSR).

PERCO VIOLATED MANY OTHER DOT VIOLATIONS THAT MR. KELLY WAS INFORMED OF, BUT INSTEAD OF STATING THE VIOLATIONS, SO PLAINTIFF COULD OBTAIN AND EMPLOYMENT, MR. KELLY CONSPIRED WITH PERCO BY TELLING PLAINTIFF THAT PERCO CAN USE ITS OWN POLICY TO SUPERCEDE A FEDERAL LAW. CONGRESS PASS. IF A THOROUGH INVESTIGATION WAS CONDUCTED BY MR. KELLY'S OFFICE WITH THE DOCUMENTS PRESENTED, MR. KELLY WOULD HAVE KNOWN THAT THE TEST CONDUCTED ON PLAINTIFF WAS ESSENTIALLY INVALID AND PLAINTIFF WOULD HAVE NOT BEEN TERMINATED (EXHIBIT 5, BREAK DOWN IN TEST BY EXPERT).

PLAINTIFF HAVE BEEN A CDL DRIVER FOR 12 YRS. AT PERCO AND DRIVES A CMV, A TRUCKING CO. BY LAW, AS PERCO, HAS TO COMPLY UNLESS CONGRESS CHANGES THE LAW. PERCO'S MANAGER, DUARTE UNDER OATH TESTIFIED THAT PLAINTIFF WAS BOUND BY DOT ALCOHOL TESTING (EXHIBIT 3, PG. 212 AND 213 IN TRANSCRIPT), SO THE QUESTIONS ARE, WHY DID MR. KELLY, A DOT DIVISION ADMINISTRATOR, CONDUCT A DOT INVESTIGATION; IF PERCO IS EXEMPT FROM THE LAW; WHY DID MR. KELLY CLOSE THE CASE WITHOUT TAKING ANY ACTION AGAINST PERCO AND WHY DID HE NOT DISCLOSE THE SPECIFIC VIOLATIONS TO THE PLAINTIFF?

NOWHERE IN PERCO POLICY STATES THAT THE COMPANY CAN SUPERSEDE A FED. LAW. EXAMPLE, IF A CDL DRIVERS TIME HAS EXPIRED, THEN MR. KELLY HAS AUTHORITY TO ALLOW THE COMPANY TO EXTEND THE DRIVERS TIME.

## FACTS

1. Plaintiff Posess A CDL and Drives A CMV.
2. Petco Is A Trucking Co. Regulated By DOT.
3. DOT Is Required By Law To Enforce The Law On Violators.
4. Congress Pass The Law.
5. Petco Violated The Law.
6. An Employee Was Terminated Because A DOT Agent Knowingly And Willingly Covered Up The Violations By Allowing Petco's Policy To Supersede A Federal Law.
7. The Test Form Was Altered And Federally Invalid.

## CONCLUSION

Mr. Kelly's Outrageous Behavior For Having The Knowledge Of The Injustice Upon Plaintiff By A Large Corporation Is Totally Unlawful And He Needs To Be Held Accountable.

## EXAMPLE

If Petco Disposed Hazardous Materials In The Street And Someone Became Infected And Could Prove It, Then DOT Would Become Involved. The Same Principles Should Apply For Plaintiff. It States Nowhere In The DOT FMCSR That An Employer Can Use Its Own Policy To Supersede A Federal Law, If That Trucking Co. Is Regulated By A DOT Fed. Law. Mr. Kelly Stated That The Violations Were Minor, But Those Violations Were The Reason Plaintiff Lost His Home Of 9 Yrs. If Plaintiff Is Arrested For A DWI Or A DUI In His Personal Vehicle, He Has To Inform The Company And He Could Be Discipline Or Terminated Because He Poses A CDL And It's A Violation Of DOT Law. So Mr. Kelly Enabled Petco To Supersede A Fed. Law, Which Is Unlawful. The Information Provided For Plaintiff From Mr. Kelly's Office States That Attemps At 2 Facilities In The District Were Tried To Test Plaintiff, That Plaintiff Was Tested In Virginia And That The Results Were Positive, (Exhibit 6). A Thorough Investigation Would Have Proven Among Other Statements Were Lies. Plaintiff Was Tested By An Uncertified Technician.

4

AT PERCO HEAD MANAGER IN THE DISTRICT AND THE TEST WAS NEGATIVE (FORENSICALLY INVALID). IT WAS ALSO STATED THAT THE COMPANY EXCEEDED 8 HRS. REQUIRED BY THE FMCSR, BUT USED PERCO ALCOHOL POLICY. THE FMCSR STATES THAT TESTING SHALL CEASE AFTER 8 HRS. (EXHIBIT 2, PAGE 382.507 OF THE FMCSR), NOT TO CONTINUE TESTING AND IT ALSO STATED THAT PERCO HAD A WRITTEN LETTER EXPLAINING WHY THE TEST WAS NOT CONDUCTED UNDER DOT. ON DEC.2004, NO LETTER WAS AVAILABLE WHEN REQUEST BY THE LOCAL. IT WAS ALSO STATED IN EX. 6 THAT PLAINTIFF WAS NOT A DRIVER FOR PERCO AND THAT PERCO HAS TIME CARDS. PLAINTIFF HAS A CDL AND HAVE BEEN DRIVING A CMV FOR THIRTEEN YRS. EMPLOYED WITH PERCO. WAS THERE EVER AN INVESTIGATION OR A PHONE CALL? PERCO HAS NOT HAD A TIME CLOCK IN 30 YRS. FROM THE INVESTIGATION OF 30 YRS. EMPLOYEES.

TALE KELLY'S INVESTIGATORS ARE NOT FAMILIAR WITH THE FMCSR AS REQUIRED BY FED. LAW OR SOMEONE IS COVERING UP FED. VIOLATIONS THAT CONGRESS PASS TO SHELTER PERCO. PERCO IS A LARGE CORPORATION THAT CAN INTIMIDATE OR IMPRESS WHEN GIVEN THE OPPORTUNITY AND MR. KELLY FALLS IN ONE OF THOSE CATEGORIES.

TWENTY FIVE MINUTES AFTER PERCO CLAIM PLAINTIFF TEST POSITIVE, PERCO MANAGERS ORDERED PLAINTIFF TO GET IN HIS VEHICAL AND LEAVE THE PROPERTY. THAT WAS A VERY SERIOUS DOT. VIOLATION THAT COULD HAVE CAUSED INJURY OR DEATH TO SOMEONE, IF PLAINTIFF WAS UNDER THE INFLUENCE. THAT IS THE REASON WHY TRUCKING CO. ARE REGULATED BY FED. LAW.

### INNOCENT EXAMPLE!

IF EVERY DOT AGENT THAT CONGRESS AUTHORIZED TO ENFORCE THE LAW ON VIOLATORS, THAT COULD PRESENT A DANGER TO THE PUBLIC, BY NOT ONLY UPHOLDING THE LAW, BUT ALSO TO ALLOW AN INNOCENT MAN TO BE CONVICTED AND PROSECUTED AS MR. KELLY, THEN EVERYONE IS IN MORE DANGER. THE INNOCENT ARE KNOWINGLY AND WILLINGLY PROSECUTED AND THE GUILTY ARE ALLOWED TO CONTINUE VIOLATING THE LAW UNTIL ANOTHER SERIOUS INCIDENT. WHAT OTHER SERIOUS VIOLATIONS HAVE BEEN IGNORED AND COVERED UP BY MR. KELLY'S OFFICE TO PROTECT A LARGE CORPORATION? PLAINTIFF SHOULD BE COMPENSATED FOR COMPENSATORY AND PUNITIVE DAMAGES.

6

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, THAT I HAVE SERVED THE FOREGOING WAS
SENT POSTAGE PREPAID ON COUNSEL FOR DEFENDANT, DOT, TALF KELLY,
1120 VERMONT AVE. N.W., WASH. D.C. 20006 ON THE 19TH DAY OF NOV. 2007.

Benjamin Ramey
BENJAMIN RAMEY
4251 CLAY ST. N.E.
WASH. D.C. 20019

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
NOV 1 5 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON DC

BENJAMIN RAMEY PRO-SE
4251 CLAY ST.N.E.
WASH. D.C., 20019
(202) 213-8154

*Plaintiff*

vs.

CIVIL ACTION NO. 0007601-07

TALF KELLY (DIVISION ADMISTRATOR)
DEFT. OF TRANSPORTATION (DOT)
1120 VERMONT AVE. N.W.
WASH, D.C.

*Defendants*

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

*SEE ATTACHMENTS*

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 3,000,000.00 with interest and costs.

Phone: (202) 213-8154

DISTRICT OF COLUMBIA, ss

BENJAMIN RAMEY _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

BENJAMIN RAMEY
(Plaintiff)                                                              (Agent)

Subscribed and sworn to before me this ___15th___ day of ___November___ 20 07.

(Notary Public/Deputy Clerk)

FORM CV-101M Rev. 00

Case: 2007 CA 007601 B
DET: CABCONF

Ex.1

 



U. S. Department
of Transportation
Federal Motor Carrier
Safety Administration

District of Columbia Division
(202) 219-3553 FAX 219-3546

1990  K Street, NW., Suite 510
Washington, D.C.  2006

In Reply Refer To:
MC-EFE-DC

January 6, 2005

Benjamin F. Ramey
4251 Clay Street, NE
Washington, DC 20019

Dear Mr. Ramey .

This letter is in response to your October 27, 2004, compliant filed with the Federal Motor
Carrier Safety Administration concerning the safety compliance of Potomac Electric Power
Company (Pepco) of Washington DC.  Specifically, you were concerned about PEPCO failure to
comply with Federal Motor Carrier Safety Regulations drug testing requirements.

The Federal Motor Carrier Safety Administration is very concerned about violations of the
Federal Motor Carrier Safety and Hazardous Materials Regulations by motor carriers and its
employees.

Therefore, an investigation into this matter has been conducted by this office and some violations
were discovered, but no enforcement action was taken. While the violations were minor the
motor carrier in questions has been informed of the importance of complying with all of the
aforementioned regulations.

 As a result of the investigation, this complaint has been administratively closed.  Your
comments; however, will be kept on file for future reference and/or enforcement action should
this company further commit safety violations as contained in the Federal Motor Carrier Safety
Regulations.

Sincerely yours,

Taft Kelly
Division Administrator

Ex. 2

## §382.307 Reasonable suspicion testing.

(a) An employer shall require a driver to submit to an alcohol test when the employer has reasonable suspicion to believe that the driver has violated the prohibitions of subpart B of this part concerning alcohol. The employer's determination that reasonable suspicion exists to require the driver to undergo an alcohol test must be based on specific, contemporaneous, articulable observations concerning the appearance, behavior, speech or body odors of the driver.

(b) An employer shall require a driver to submit to a controlled substances test when the employer has reasonable suspicion to believe that the driver has violated the prohibitions of subpart B of this part concerning controlled substances. The employer's determination that reasonable suspicion exists to require the driver to undergo a controlled substances test must be based on specific, contemporaneous, articulable observations concerning the appearance, behavior, speech or body odors of the driver. The observations may include indications of the chronic and withdrawal effects of controlled substances.

(c) The required observations for alcohol and/or controlled substances reasonable suspicion testing shall be made by a supervisor or company official who is trained in accordance with §382.603. The person who makes the determination that reasonable suspicion exists to conduct an alcohol test shall not conduct the alcohol test of the driver.

(d) Alcohol testing is authorized by this section only if the observations required by paragraph (a) of this section are made during, just preceding, or just after the period of the work day that the driver is required to be in compliance with this part. A driver may be directed by the employer to only undergo reasonable suspicion testing while the driver is performing safety-sensitive functions, just before the driver is to perform safety-sensitive functions, or just after the driver has ceased performing such functions.

(e)(1) If an alcohol test required by this section is not administered within two hours following the determination under paragraph (a) of this section, the employer shall prepare and maintain on file a record stating the reasons the alcohol test was not promptly administered. If an alcohol test required by this section is not administered within eight hours following the determination under paragraph (a) of this section, the employer shall cease attempts to administer an alcohol test and

shall state in the record the reasons for not administering the test.

(2) Notwithstanding the absence of a reasonable suspicion alcohol test under this section, no driver shall report for duty or remain on duty requiring the performance of safety-sensitive functions while the driver is under the influence of or impaired by alcohol, as shown by the behavioral, speech, and performance indicators of alcohol misuse, nor shall an employer permit the driver to perform or continue to perform safety-sensitive functions, until:

(i) An alcohol test is administered and the driver's alcohol concentration measures less than 0.02; or

(ii) Twenty four hours have elapsed following the determination under paragraph (a) of this section that there is reasonable suspicion to believe that the driver has violated the prohibitions in this part concerning the use of alcohol.

(3) Except as provided in paragraph (e)(2) of this section, no employer shall take any action under this part against a driver based solely on the driver's behavior and appearance, with respect to alcohol use, in the absence of an alcohol test. This does not prohibit an employer with independent authority of this part from taking any action otherwise consistent with law.

(f) A written record shall be made of the observations leading to an alcohol or controlled substances reasonable suspicion test, and signed by the supervisor or company official who made the observations, within 24 hours of the observed behavior or before the results of the alcohol or controlled substances tests are released, whichever is earlier.

### §382.309 Return-to-duty testing.

The requirements for return-to-duty testing must be performed in accordance with 49 CFR part 40, Subpart O.

### §382.311 Follow-up testing.

The requirements for follow-up testing must be performed in accordance with 49 CFR part 40, Subpart O.

## Subpart D — Handling of Test Results, Record Retention and Confidentiality

### §382.401 Retention of records.

(a) **General requirement.** Each employer shall maintain

§390.35

(5) Each roll of film shall include a microfilm of a certificate or certificates stating that the photographs are direct or facsimile reproductions of the original records. Such certificate(s) shall be executed by a person or persons having personal knowledge of the material covered thereby.

(c) All records and documents required to be maintained under this subchapter may be destroyed after they have been suitably photographed for preservation.

(d) **Exception.** All records except those requiring a signature may be maintained through the use of computer technology provided the motor carrier can produce, upon demand, a computer printout of the required data.

**§390.33 Commercial motor vehicles used for purposes other than defined.**

Whenever a commercial motor vehicle of one type is used to perform the functions normally performed by a commercial motor vehicle of another type, the requirements of this subchapter and Part 325 of Subchapter A shall apply to the commercial motor vehicle and to its operation in the same manner as though the commercial motor vehicle were actually a commercial motor vehicle of the latter type.

**Example:** If a commercial motor vehicle other than a bus is used to perform the functions normally performed by a bus, the regulations pertaining to buses and to the transportation of passengers shall apply to that commercial motor vehicle.

**§390.35 Certificates, reports, and records: falsification, reproduction, or alteration.**

No motor carrier, its agents, officers, representatives, or employees shall make or cause to make—

(a) A fraudulent or intentionally false statement on any application, certificate, report, or record required by Part 325 of subchapter A or this subchapter;

(b) A fraudulent or intentionally false entry on any application, certificate, report, or record required to be used, completed, or retained, to comply with any requirement of this subchapter or Part 325 of Subchapter A; or

(c) A reproduction, for fraudulent purposes, of any application, certificate, report, or record required by this subchapter or Part 325 of Subchapter A.

Ex. 3

1

GOVERNMENT OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF EMPLOYMENT SERVICES

HEARINGS AND ADJUDICATION SECTION

- - - - - - - - - - - - - - - x

BENJAMIN F. RAMEY,                    :

     Claimant,                      :

       v.                           :      OHA No. 05-318

POTOMAC ELECTRIC POWER               :      OWC/ODC No. 608087
COMPANY,                             :

     Employer,                      :

     and                            :

CHC,                                 :

     Carrier.                       :

- - - - - - - - - - - - - - - x

              Wednesday, August 17, 2005

             64 New York Avenue, N.E.
             Washington, D.C. 20002

      The hearing in the above-entitled matter

was convened, pursuant to notice, at 2:26 p.m.

BEFORE:

        AMELIA G. GOVAN
        Administrative Law Judge

jhl

3

# C O N T E N T S

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Benjamin F. Ramey | 14 | 55 | 96 | -- |
| Lamar L. Dudley | 99 | 114 | 120 | 122 |
| Further Redirect | | | 123 | |
| Gregory M. Johnson, Sr. | 126 | 145 | 152 | -- |
| Thomas Hyde | 156 | 164 | 177 | -- |
| Negussie Birratu | 181 | 191 | 201 | 204 |
| David A. Duarte | 207 | 234 | 247 | 249 |

## EXHIBITS

| CLAIMANT'S | IDENTIFIED | RECEIVED |
|---|---|---|
| 1 - 5 | (Previously) | 9 |
| 6 | (Previously) | 179 |
| EMPLOYER'S | | |
| 1 through 8 | (Previously) | 11 |
| 9 | (Previously) | -- |
| 10 | (Previously) | 240 |

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

167

jhl

1     A     Approximately. I don't have the form in

2     front of me.

3     Q     Let me ask you this. Are you licensed to

4     perform tests in the District of Columbia?

5     A     I don't have a license. I am a certified

6     breath alcohol technician, yes.

7     Q     Nevertheless, anybody who works in the

8     District of Columbia is governed under the

9     Department of--Regulatory Commission. Isn't that

10    correct?

11    A     I don't know.

12    Q     But you do not have a license to conduct

13    tests in the District of Columbia?

14    A     I'm licensed in the State of Virginia,

15    right.

16    Q     Mr. Ramey was provided a form, isn't that

17    correct, of the results of the test?

18    A     Yes, ma'am.

19    Q     I'm going to show you.

20    A     Thank you.

21    Q     Do you recognize that form?

22    A     Yes, ma'am.

 

~~Dupree's~~ TESTIMONY

212

jhl

1  on his feet.  He was slurring his words.  And, yes,

2  his eyes were very, very bloodshot.

3        And so after observing this and just his--

4  his mannerisms, how he held his hands, how he--how

5  his body moved and what have you, I--and of course

6  the--the smelling of the alcohol, I determined that

7  he needed to be tested.  Because at that time we

8  were in a--in a storm condition, he was a truck

9  driver in conduit which meant that he would be

10  going out into the community.  He had to be at the

11  top of his senses because of the danger.  It's a

12  danger in and by itself if you're--you're in--

13  you're well tested and didn't have any alcohol in

14  your system.  So and we have had some fatalities at

15  PEPCO so we were very, very astute to the fact that

16  we wanted to keep a close watch on this.

17        Q    What was the purpose of ordering testing

18  for Mr. Ramey?

19        A    When--when Mr. Ramey is a commercial motor

20  vehicle driver, we are bound by the Department of

21  Transportation that if an individual reports to

22  work under the influence of alcohol or he's

~~~~~~~~~~ ANTE QUESTION DUARTE ~~~~~~~~~~

jhl

247

1          JUDGE GOVAN:  Mr. O'Connell?

2              REDIRECT EXAMINATION

3          BY MR. O'CONNELL:

4          Q    One question.  The PEPCO employee policy

5      with regard to drug and alcohol rules requires the

6      search of the vehicle after a triggering event,

7      correct?

8          A    Yes, sir, and it goes--that that policy

9      goes further.  If an individual drives his personal

10     vehicle on PEPCO property, that vehicle can be

11     inspected at any time.

12         Q    But the rules require it after a

13     triggering event?

14         A    Yes, it requires it as to DOT.

15         MR. O'CONNELL:  Those are all the

16     questions I have, Your Honor.

17         JUDGE GOVAN:  Ms. Mendoza?

18         MS. MENDOZA:  No further questions,

19     Your Honor.

20         JUDGE GOVAN:  Mr. Duarte, I'm looking at

21     Exhibit No. 4 for the Employer which is the letter

22     from Mr. Wade to the nurse, Ms. Saucier.  I noticed

Ex. 4



# Alcohol Testing Form

*(The instructions for completing this form are on the back of Copy 3)* —

**STEP 1: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

A. Employee Name: BENJAMIN F. RAMEY
(PRINT) (First, M.I., Last)

B. SSN or Employee ID No. 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

C. Employer Name: PEPCO
Street: 701 9TH ST NW
City, ST ZIP: WASHINGTON DC 20001

DER Name and Telephone No.: NEGUSSIE BIRRATU     202) 872-36
DER Name        DER Phone Number

D. Reason For Test: ☐ Random ☒ Reasonable Susp ☐ Post-Accident ☐ Return to Duty ☐ Follow-up ☐ Pre-employment

**STEP 2: TO BE COMPLETED BY EMPLOYEE**

I certify that I am about to submit to alcohol testing and that the identifying information provided on the form is true and correct.

Signature of Employee _____     Date  8  13  01
                                                Month  Day  Ye

**STEP 3: TO BE COMPLETED BY ALCOHOL TECHNICIAN**

...he technician conducting the screening test is not the same technician who will be conducting the confirmation test, each technician must complete their own form.) I certify that I have conducted alcohol testing on the above named individual, that I am qualified to operate the testing device(s) identified, and that the results are as recorded.

TECHNICIAN: ☒ SAT ☐ STT     DEVICE: ☐ SALIVA ☒ BREATH*     ☐ 15-Minute Wait: ☐ Yes ☐ No
SCREENING TEST: (For BREATH DEVICE* write in the space below *only* if the testing device is *not* designed to print.)

| Test # | Testing Device Name | Device Serial # OR Lot # & Exp Date | Activation Time | Reading Time | Result |
|--------|--------------------|--------------------------------------|-----------------|--------------|--------|

CONFIRMATION TEST: Results *MUST* be affixed to each copy of this form or printed directly onto the form.

Remarks: _____

Alcohol Technician's Company _____     Company Street Address 13615 BENT TREE CIRCLE
(PRINT) Alcohol Technician's Name (First, M.I., Last) THOMAS HYDE     Company City, State, Zip CENTRVILLE VA 20121  703 802-2       Phone Number

Signature of Alcohol Technician _____     Date  8  13  01
                                                        Month  Day  Ye

**STEP 4: TO BE COMPLETED BY EMPLOYEE IF TEST RESULT IS 0.02 OR HIGHER**

...ify that I have submitted to the alcohol test, the results of which are accurately recorded on this form. I understand ...t I must not drive, perform safety-sensitive duties, or operate heavy equipment because the results are 0.02 or greater.

Signature of Employee _____     Date  8  13  01
                                                Month  Day  Ye

---

BREATHALYZER 7410
SERIAL # : ARHK-103

BREATHALYZER PRINTER
SERIAL # : ARHL-049
PRINTER LOG #: 00500

MM.DD.YY HH:MM
08.30.03 11:09

**********************
* TEST NUMBER: 01252
*
* AIR-BLANK TEST:
*    0.000 PERCENT B
*
* BREATH TEST:
*    0.070 PERCENT B
DATA HOLD 120

BREATHALYZER 7410
SERIAL # : ARHK-1031

BREATHALYZER PRINTER
SERIAL # : ARHL-0498
PRINTER LOG #: 00502

MM.DD.YY HH:MM
08.30.03 11:32

**********************
* TEST NUMBER: 01253
*
* AIR-BLANK TEST:
*    0.000 PERCENT BAC
*
* BREATH TEST:
*    0.065 PERCENT BAC
**********************

DRY-GAS ACCURACY TEST

BREATHALYZER 7410
SERIAL # : ARHK-1031
TEST # : 01254

BREATHALYZER PRINTER
SERIAL # : ARHL-0498
PRINTER LOG #: 00503

MM.DD.YY HH:MM
08.30.03 11:59

**********************
* LABELED BAC VALUE: *
*    0.040 PERCENT BAC *
*
* CORRECTED BAC VALUE: *
* 0.40    PERCENT BAC *
*
* ACCURACY TEST RESULT: *
*    0.039 PERCENT BAC *
TECHNICIAN SIGNATURE:

Ex.5

# Bryan W. Brown

Attorney at Law

400 Fifth Street, NW
Suite 300
Washington, DC 20001
(202) 639-0221
attorney@bryanwbrown.com

To:     William Bach
From:   Bryan W. Brown
Re:     Benjamin Ramey
Date:   July 19, 2007

     I am currently an attorney barred to practice law in the District of Columbia and the Commonwealth of Virginia. I am a member of the D.C. Superior Court Traffic Panel and a Duty Attorney in D.C. Superior Court. I have been practicing in the area of criminal defense with a primary focus on defense of alcohol related driving offenses for over 5 years. I attend annual trainings regarding breath testing and the potential errors associated with breath testing. With the knowledge I have gained in my legal practice and educational seminars I have evaluated the documents presented. Those documents included an "Alcohol Testing Form" with a printout from a Breathalyzer 7419 xeroxed onto it, a Memo from Pepco dated September 30, 2003, a Employee Grievance Form, a Certificate of Training, a two page Delcaration of Laman Dudley, and a statement by Benjamin Ramey. After reviewing the materials, it is apparent that the breath test conducted on Mr. Ramey is not forensically valid. The test was not conducted sufficiently close in time to the incident for the results to be valid. The U.S. Capital Police Breath Testing Training manual requires two tests to be conducted no more then 10 minutes apart so that accuracy can be demonstrated. That was not done with Mr. Ramey's test. Capital Police standards also require the testing to be done within two hours, which was also not done in Mr. Ramey's case.

     A test so far after an individual could have possible had a drink is highly unreliable. There are many factors to consider some of which include whether the individual was in the absorption, distribution, or elimination phase. That is to say was any alcohol consumed being absorbed into his blood, distributed throughout his blood, or eliminated from his blood. Generally, once an elimination phase is reached, the body eliminates alcohol at a rate of approximately .015% per hour. This number, however, can vary dramatically depending on the individual. Furthermore, the time a person remains in the three phases also varies dramatically. These factors make using a test so remote in time highly unreliable.

     A number of other factors also make breath machine readings unreliable. The inherent margin of error for most machines is around 10%. This error is added to a potentially 15% margin of error that can result from an improper breath pattern near the time of testing. Also added to the total margin of error can be an 8.6% margin of error per 1 degree Celcius difference between actual core body temperature and the assumed core body temperature. Also, Hematocrit level can result in an additonal 14% margin of error. When combined, the total margin of error

of a breath machine can approach 47.6%. This margin of error assumes a test taken shortly after the period when you want to know the Blood Alcohol Content. Additional causes of error can result from partition ratio error, mouth alcohol error, and extrapolation error. Because of the many potential causes of error in breath testing, a direct test of the blood is the most appropriate method for determining actual blood-alcohol levels.

In conclusion, the results of the test used on Mr. Ramey on August 30, 2003 are not forensically valid, and should be of no evidentiary value in determining Mr. Ramey's Blood Alcohol Content while he was on the job some 12 hours prior to the test. The test was taken far too remotely from the time Mr. Ramey was on the job, the two test that were taken were not taken within 10 minutes of each other, and the results of breath test without controls to eliminate potential causes of error make the results unreliable. As such, the results of the breath test should not have been used in the decision of whether or not to take action against Mr. Ramey for alleged violation of PEPCO policy.

Ex.6

**POTOMAC ELECTRIC POWER COMPANY**

U.S. DOT #: 00342222

Review C

12/20/200

## Part C

**Reason for Review:** Complaint Investigation
**Planned Action:**    Compliance Monitoring
**Safestat Category:**

**Parts Reviewed Certification:**

| 325 | 382 | 383 | 387 | 390 | 391 | 392 | 393 | 395 | 396 | 397 | 398 | 399 | 171 | 172 | 173 | 177 | 178 | 180 |
|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
|     | ✓   |     |     |     |     |     |     |     |     |     |     |     |     |     |     |     |     |     |

**Prior Reviews**    **Prior Prosecutions**

**Special Study Information:**

**Unsat/Unfit Information**
**Does passenger vehicle transport more than 15 passengers, including driver?**
**Does carrier transport placardable quantities of hazardous materials?** Yes - Interstate
**Unsat/Unfit rule:** 45-Day - Interstate Placardable HM

**Corporate Contact:**
**Corporate Contact Title:** Associate General Councel

INFORMATION REDACTED
PURSUAN... ... ... ... (6)(7)(C)

**Remarks:**
This stream line compliance review was initiated as a result of a 2 written complaints alleging violations in Part 382.

_____, Manager, Power Delivery Safety Services, and _____, Associate General Counsel was present throughout the review. The company is part of First Lab 1364 Welsh Rd, Suite C-2 North Wales, PA 19454 (215) 540-1651 which performs all controlled substance test.

Potomac Electric Power Company has 402 employees, and 240 trucks. _____ stated that the company requires all their field employees to have CDL license. No one is hired strictly as a driver for the company although the company do maintain DQ files on all their field employees. All employees have a specific job function such as; conduit installers, eletricians, etc. Mr.Nagy also stated that everyone is assigned to a work group when performing field work and usually the most senior employee drives the truck.

The first complainant (Chuck) stated that he was given a random drug test with improper handling procedures and the test returned positive. He also stated he was refered to an uncertified SAP counselor. The second complainant( Benjamin Ramsey) stated that on 08-30-03 he reported to work at 12:00 am, as a stand by worker and did report to work smelling of alcohol. The company performed a BAC test on him after 8 hours with positive results. Both complainant allegations was investigated and the result are as followed.

The company test under Federal (USDOT) and private company standards. _____ stated since all employees have CDL license the company test federally under Part 383. All employees that test positive on any drug/alcohol test is refered over to PEPCO labor relations which in turn explains the company and employees rights. The employees is then given the option of picking between SAP programs. _____ did provide copies of the SAP choices.

_____ was asked to explain the day in question for the second complainant. He stated that _____ reported to work as a stand by, due to servere weather conditions. Mr.Ramsey did not come into the facility that night instead he sat in his personal vehicle. After he did come into the building the night supervisor _____ observed him, and he appeared to be intoxicated. _____ then excorted him over to the employee relations department _____ which in turn he suspected him of smelling like alcohol. Due to inclement weather the company officials tried to have Mr.Ramsey tested at 2 facilities site located in Washington DC, which neither site had a trained technicien on site. Mr.Ramsey then was taken to Virginia where the test was performed ,and the the results were positive. The test was conducted about 11:00 am on



| POTOMAC ELECT. POWER COMPANY | Review C |
|---|---|
| U.S. DOT #: 00342222 | 12/20/200 |

## Part C

08-30-03. The company had exceeded the 8 hours required by the FMCSR, and tested Mr.Ramsey under the PEPCO drug/alcohol testing program. █████ did have a written letter explaining why the company did not perform the USDOT alcohol test on Mr.Ramsey. Mr.Ramsey was terminated from the company in November 2004, for failing to comply and complete his SAP treatment. No evidence showed Mr.Ramsey being a driver for PEPCO. The company has employees or time cards.

As a result of this review the carrier now maintain copies of signed reciepts showing the drivers were given controlled substance and alcohol testing policy handbooks. Prior to this review the reciepts only indicated the FMCSR books were being issued.

Educational and Technical Assistance was provided to the company.

| Prin██████████████ | US0820 | Upload Authorized: Yes | No Date: 1/7/04 |
|---|---|---|---|
| Assistant ██████ ██████ ██████ | | Authorized by: ██████ | |
| | | Uploaded: Yes No | Failure Code: |
| | | Verified by: | Date: |

**INFORMATION REDACTED**
**PURSUANT TO 5 USC 552(b) (6)(7)(C)**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

BENJAMIN RAMEY,

PLAINTIFF,

VS.

DEPARTMENT OF TRANSPORTATION,

DEFENDANT.

RECEIVED
Civil Clerk's Office
JAN 17 2008
Superior Court of the
District of Columbia
Washington, D.C.

C. A. No. 2007 CA 007601 B

JUDGE RONNA L. BECK

INITIAL CONFERENCE 3-7-08

MOTION FOR JUDGEMENT ON THE PLEADING

I. DEFENDANT WAS SERVED A COPY OF SUMMONS ON NOV. 15, 2007. THE SUMMONS WAS FILLED AND NOTIRIZED AT THE CIVIL CLERKS OFFICE IN SUPERIOR COURT ON NOV. 15, 2007. DEFENDANT'S ANSWER TO THE COMPLAINT WAS DUE TO BE FILED IN COURT BEFORE JAN. 15, 2008. AS OF TODAY, JAN. 17, 2008, DEFENDANT HAS FAILED TO DO SO.

DEMAND

II. PLAINTIFF REQUEST THE COURT TO ENTER A JUDGEMENT BY DEFAULT AGAINST THE DEFENDANT FOR THE RELIEF DEMANDED IN PLAINTIFF'S COMPLAINT.



GOVERNMENT
EXHIBIT
B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I CAUSED A TRUE AND CORRECT COPY OF THE FOREGOING

MOTION TO BE SERVED, BY FIRST CLASS MAIL, POSTAGE PRE-PAID ON THE 17TH DAY OF JAN, 2008

ON THE FOLLOWING INDIVISUAL:

BETTY J. WATSON
1120 VERMONT AVE, N.W.
WASH, D.C., 20006

RESPECTFULLY SUBMITTED,

Benjamin Ramey

BENJAMIN RAMEY
4251 CLAY ST, N.E.
WASH, D.C., 20019
(202) 213-8154

# Superior Court of the District of Columbia
## CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
NOV 2 0 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

RECEIVED
Civil Clerk's Office
NOV 1 9 2007
Superior Court of the
District of Columbia
Washington, D.C.

_Beltran Ramey_
_____
Plaintiff

vs.

_Dept. of Transportation_
_____,
Defendant

Civil Action No. _07-CA-7601 B_

## AFFIDAVIT OF SERVICE BY PROCESS SERVER

I, _Jacqueln Davis_ _____, having been

duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose
and say:

That my age and date of birth are as follows: _Over the age as 21 years old_

That the residential or business address is: _1120 Vermont Ave N.W. WDC 20006_

That at _1:05_ o'clock a.m./p.m. on the _15th_ day of _Nov._

20 _07_

[X] I served the above named defendant(s)    (personally) _To Ms. Betty J. Watson Sho._
_Rev. the papers for D.O.T. on this Day_ _____ (defendant's name) a copy
of the Summons, Complaint and Initial Order at _1120 Vermont Ave N.W,_
_Washington D.C. 20006_

[ ] I served the above named defendant(s) _____

(defendant's name) by leaving a copy of the Summons, Complaint and Initial Order at his/her place of abode or business

at _____ with _____ a person of

approximately _____ years of age. who stated that he/she resides therein with the defendant.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from
which the Courts can determine that the person who signed the receipt meets the appropriate qualifications for
receipt of process as required by SCR. (Civil) 4 (e) (2).

SPECIFIC FACTS:

_Jacquelyn Davis_
Signature
NOV 2 0 2007

Subscribed and sworn to before me this _____ day of _____

Deputy Clerk/Notary Public

Form CV-3363 June 96



WASHINGTON DC 200

18 JAN 2008 PM G8

USA 41

B. RAMEY
4201 Clay St. NE
Washington, DC 20019-3435



BETTY J. WATSON
1120 VERMONT AVE. N.W.
WASH, D.C. 20006

20005473528  C038

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BENJAMIN RAMEY )
4251 Clay Street, N.E. )
Washington, DC 20019, )
)
    Plaintiff *Pro Se*, )
)     Civil Action No.: _____
    v. )
)
TAFT KELLY, )
Division Administrator, )
Department of Transportation, )
1120 Vermont Avenue, NW )
Washington, DC 20006 )
    Defendant. )
_____ )

## CERTIFICATION

    I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for

the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue

of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated

to me on March 20, 2006, hereby certify that I have read the complaint in <u>Benjamin Ramey</u>

<u>v.Taft Kelly</u>, Civil Action No.: 2007CA007601B and that on the basis of the information now

available to me with respect to the incidents alleged therein, I find that Defendant Taft Kelly was

acting within the scope of his employment as an employee of the United States at the time of the

alleged incident.

February 21, 2008

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney
Chief, Civil Division



## Certificate of Service

I certify I caused a copy of the foregoing Certification to be served by first class mail upon the following at:

Benjamin Ramey
4251 Clay Street, N.E.
Washington, D.C.  20019

Taft Kelly
Division Administrator
Department of Transportation
1120 Vermont Avenue, N.W.
Washington, D.C.  20006

on this 21st day of February, 2008.

ALEXANDER D. SHOAIBI
Assistant United States Attorney
555 4th St. NW, Room E-4218
Washington, D.C.  20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_BenJamin Ramey_
Plaintiff

v.                                    Civil Action No.   **08 0304**

**FEB 22 2008**

_Taft Kelly_
Defendant

    The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **LEON, J. RJL**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
   Deputy Clerk

cc: _BenJamin Ramey_

929A
Rev. 7/02